**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KIMBERLY HICKEY,

                *Plaintiff*,

v.

DELTA AIR LINES, INC., a foreign corporation,

                *Defendant*.

_____/

Case No.

Hon.

**JURY TRIAL DEMAND**

**COMPLAINT**

Plaintiff KIMBERLY HICKEY, by her attorneys, Brandon J. Abro of Christensen Law, alleges the following against Defendant Delta Air Lines, Inc.:

**I. Nature of Action**

1. This litigation arises out of horrific burn injuries experienced by Plaintiff KIMBERLY HICKEY, an airline passenger, while aboard Delta flight DL134 on or about August 19, 2024. Plaintiff's injuries are due to the negligent acts and omissions of Delta and its employees while Plaintiff was on a flight from Detroit to Amsterdam. Plaintiff seeks recovery of compensatory damages for the severe bodily injuries and emotional injuries she sustained.

1

## II. Jurisdiction, Parties, and Venue

2. Plaintiff, KIMBERLY HICKEY, is domiciled in and a citizen of Plymouth, Michigan. She was an adult passenger aboard Delta Flight DL134, which was a scheduled international flight from Detroit, Michigan, to Amsterdam on or about August 19, 2024 and August 20, 2024.

3. Defendant, Delta Air Lines, Inc., is a Delaware corporation with its principal place of business in Atlanta, Georgia.

4. Delta is present and does substantial business in Detroit, Michigan At Detroit International Airport, including on the subject flight Delta Flight DL134.

5. Detroit, Michigan is listed on Delta's website and in its most recent Annual Report as one of its key coastal hubs and markets.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as well as federal question jurisdiction under 28 U.S.C. § 1331.

7. Diversity jurisdiction exists because Plaintiff is a citizen of Michigan, Delta is a citizen of Delaware and Georgia, and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

8. Federal question jurisdiction exists under 28 U.S.C. § 1331 because this action arises under an international treaty, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999, referred to as the "Montreal

Convention."

9. Since Detroit was the departure of the international carriage of Plaintiff, venue is proper here pursuant to Article 33(1) of the Montreal Convention. In addition, Plaintiff has her principal and permanent residence in Plymouth, Michigan, and Defendant Delta operates services for the carriage of passengers by air from Detroit Metropolitan International Airport in Romulus, Michigan, including on the subject flight DL134. Therefore, Detroit, MI is a proper venue in which to bring Plaintiff's personal injury action under Article 33(2) of the Montreal Convention.

10. Venue is proper in this District under 28 U.S.C. § 1391.

### III. Factual Background

11. Defendant Delta is a common carrier engaged in the business of transporting passengers for hire by air and, in furtherance thereof, operates regularly scheduled international flights, including daily passenger flights to and from Detroit, Michigan and Amsterdam.

12. As a common carrier, Delta owes the highest duty of care for the safety of its passengers.

13. As a common carrier, Delta is also required to properly train its employees, including pilots and flight attendants, on how to properly respond to in-flight medical emergencies.

14. Plaintiff KIMBERLY HICKEY was a passenger on Delta Flight

3

DL 134. At the time of this incident, she was a passenger in her assigned seat.

15. While Plaintiff was seated, a Delta flight attendant served Plaintiff a cup of water that was excessively hot. The flight attendant placed the hot cup of water on the aircraft's slanted tray table and the hot water spilled onto Plaintiff's lap, including her lower abdomen and thighs.

16. As a result of the excessively hot water spilling onto her body, Plaintiff suffered extreme pain and suffering, agony, burn injuries, and permanent scarring.

17. Plaintiff promptly notified Delta's flight attendants of her burn injuries and requested medical assistance.

18. Delta's flight attendants were dismissive and displayed a lack of concern for Plaintiff, providing her inadequate treatment for her burn.

19. After repeated pleas from Plaintiff requesting medical assistance on the flight, the Delta flight attendants were extremely slow to respond.

20. As the pain continued and intensified, Plaintiff continued to ask the flight attendants for medical assistance.

21. At no time during the flight did Delta's flight attendants or pilots Provide reasonable medical assistance.

22. At no time during the flight did Delta's flight attendants or pilots

4

contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's severe burn injuries in-flight.

23. Delta's flight attendants failed to provide Plaintiff with real-time medical care by engaging a remote medical provider to properly address her in-flight medical emergency. Instead, Plaintiff had to purchase dressing supplies from Tanzania, her final destination, hours later.

24. After Delta flight DL134 landed in Amsterdam, she was told in the vestibule that "this happens all the time".

25. Delta continued to be neglectful.

26. When Plaintiff finally arrived back in Michigan on or about August 31, 2024, she presented to Henry Ford Urgent Care. Shocked by her injuries, Plaintiff was immediately referred to the University of Michigan Hospital Burn Center. Plaintiff's burns, which were blistering, were diagnosed as second and third degree.

27. Due to the negligent acts and omissions of Delta's flight attendants and pilots in serving Plaintiff water that was excessively hot, placing the excessively hot water on an uneven tray table, and failing to properly respond to Plaintiff's in-flight medical emergency and repeated pleas for medical aid, Plaintiff sustained severe burns to her abdomen, thighs and hips. Additionally, the negligence of Delta's employees left Plaintiff with permanent scarring.

28. As a result of Plaintiff's burn injuries, Plaintiff was unable to shower or wear her regular clothing for months because of the pain.

29. Plaintiff's burn injuries impacted her mobility and her daily life activities, such as working, bathing, driving her car, sitting, or sleeping.

30. Plaintiff's daily routine of cleaning her burn wounds, changing bandages, and applying ointment was time-consuming and painful.

31. Plaintiff was prescribed pain medication, to manage the intense pain, which left Plaintiff feeling groggy and unable to function normally.

32. As a result of the injuries and the extensive impact on her daily life, Plaintiff experienced and continues to experience depression and anxiety.

## IV. CAUSES OF ACTION

### Count I

### (Montreal Convention)

### Plaintiff Kimberly Hickey v. Delta Air Lines, Inc.

33. Plaintiff incorporates her allegations 1 through 32 above as though fully set forth herein.

34. As a common carrier, Delta owes a legal duty to provide its passengers, including the Plaintiff, with a safe flight and not to serve water to passengers which is excessively hot as it is reasonably foreseeable that doing so could result in severe burn injuries and thereby cause pain and suffering.

35. As a common carrier, Delta is also required to properly train its

employees, including its pilots and flight attendants, about how to properly respond to in-flight medical emergencies, including how to treat burn injuries and obtain in-flight medical assistance by medical professionals either in-person or remotely.

36. During Delta Flight DL134 from Detroit to Amsterdam, Delta's flight attendant served excessively hot water to Plaintiff and proximately caused the excessively hot water to spill on Plaintiff's abdomen and thighs through one or more of the following acts or omissions:

    a. Placing a cup of excessively hot water in a negligent manner on the tray table causing it to spill;

    b. Placing a cup of excessively hot water on a tray table that was not stable, level, properly maintained, or was otherwise defective; and,

    c. Serving excessively hot water at a dangerous temperature above industry standards.

37. Delta and its employees, including its flight attendants and pilots, also failed to:

    a. Promptly and properly provide in-flight medical assistance to Plaintiff;

    b. Make an announcement requesting the assistance of a doctor or other medical professional onboard to render aid to Plaintiff;

    c. Contact a remote medical provider, such as MedAire, to seek a

doctor's guidance on how to treat Plaintiff's burn injuries.

d. Properly train Delta's flight attendants and pilots regarding responding to in-flight medical emergencies and rendering aid to passengers who suffer burn injuries;

e. Otherwise take appropriate action to protect the Plaintiff from bodily harm.

38. As a result of the foregoing acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, Plaintiff suffered personal injuries, including second and third degree burn injuries to her abdomen, hips, thighs, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, lost income, medical expenses, and other injuries and damages to be proven at trial.

39. The above acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, which proximately caused Plaintiff's injuries were unexpected and unusual events or happenings external to the Plaintiff and therefore each and every act or omission constitutes an Accident under Article 17 of the Montreal Convention.

40. Under Articles 17 and 21 of the Montreal Convention, Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those

injuries.

## Count II

## (Negligence)

## Plaintiff Kimberly Hickey v. Delta Air Lines, Inc.

41. Plaintiff incorporates her allegations 1 through 40 above as though fully set forth herein.

42. As a common carrier, Delta owes a legal duty to provide its passengers, including the Plaintiff, with a safe flight and not to serve water to passengers which is excessively hot as it is reasonably foreseeable that doing so could result in severe burn injuries to its passengers.

43. As a common carrier, Delta is also required to properly train its employees, including its pilots and flight attendants, about how to properly respond to in-flight medical emergencies, including how to treat burn injuries and obtain in-flight medical assistance by medical professionals either in-person or remotely.

44. During Delta Flight DL134 from Detroit, Michigan to Amsterdam, Delta's flight attendant served excessively hot water to Plaintiff and Delta's flight attendant proximately caused the excessively hot water to spill on Plaintiff's abdomen and thighs through one or more of the following negligent acts or omissions:

a. Placing a cup of excessively hot water in a negligent manner on the tray table causing it to spill;

b. Placing a cup of excessively hot water on a tray table that was not stable, level, properly maintained, or was otherwise defective; and,

c. Serving excessively hot water at a dangerous temperature above industry standards.

45. Delta and its employees, including its flight attendants and pilots, also failed to:

a. Promptly and properly provide in-flight medical assistance to Plaintiff;

b. Make an announcement requesting the assistance of a doctor or other medical professional onboard to render aid to Plaintiff;

c. Contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's burn injuries.

d. Properly train Delta's flight attendants and pilots regarding responding to in-flight medical emergencies and rendering aid to passengers who suffer burn injuries;

e. Otherwise take appropriate action to protect the Plaintiff from bodily harm.

46. As a result of the foregoing acts or omissions by Delta and its

10

employees, including Delta's pilots and flight attendants, Plaintiff suffered personal injuries, including second and third degree burn injuries to her abdomen and thighs, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, lost income, medical expenses, and other injuries and damages to be proven at trial.

47. The above negligent acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, proximately caused Plaintiff's injuries.

48. Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

WHEREFORE, the Plaintiff, KIMBERLY HICKEY, respectfully requests that the Court enter judgment in her favor and against the Defendant, Delta Air Lines, Inc., and award her all damages available under the law, her court costs in this matter, and such other relief as the Court deems just and proper.

## V. JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.

Respectfully submitted.

By: /s/ *Brandon J. Abro*

BRANDON J. ABRO (P77606)
Attorneys for Plaintiff
CHRISTENSEN LAW
25925 Telegraph Road, Suite 200
Southfield, Michigan 48033
(248) 213-4900

Dated: May 8, 2025

12