# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KIMBERLY HICKEY,

    Plaintiff,

v.

DELTA AIR LINES, INC., a foreign corporation,

    Defendant.

Case No. 2:25-cv-11346-DML-KGA

Hon. David M. Lawson

Magistrate Kimberly G. Altman

---

| | |
|---|---|
| CHRISTENSEN LAW<br>Brandon J. Abro (P77606)<br>*Attorneys for Plaintiff*<br>25925 Telegraph Rd., Ste. 200<br>Southfield, MI  48033<br>(248) 213-4900<br>babro@davidchristensenlaw.com | TAFT STETTINIUS & HOLLISTER LLP<br>Scott R. Torpey (P36179)<br>Timothy J. O'Connell (P79737)<br>*Attorneys for Defendant*<br>27777 Franklin Rd., Ste. 2500<br>Southfield, MI  48034-8214<br>(248) 351-3000<br>storpey@taftlaw.com<br>toconnell@taftlaw.com |

---

## DEFENDANT DELTA AIR LINES, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY TRIAL DEMAND

Defendant Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby submits its Answer to the Complaint by Plaintiff Kimberly Hickey ("Plaintiff") as follows:

### I. Nature of Action

1. This litigation arises out of horrific burn injuries experienced by Plaintiff KIMBERLY HICKEY, an airline passenger, while abord Delta flight

DL134 on or about August 19, 2024. Plaintiff's injuries are due to the negligent acts and omissions of Delta and its employees while Plaintiff was on a flight from Detroit to Amsterdam. Plaintiffs seeks recovery of compensatory damages for the severe bodily injuries and emotional injuries she sustained.

**ANSWER:** Admitted that Plaintiff claims to have been injured on August 19, 2024, while a passenger onboard Delta flight DL134 from Detroit Metropolitan Wayne County Airport ("DTW") to Amsterdam Airport Schiphol ("AMS"). The remaining allegations are denied.

## II. Jurisdiction, Parties, and Venue

2.  Plaintiff, KIMBERLY HICKEY, is domiciled in and a citizen of Plymouth, Michigan. She was an adult passenger aboard Delta Flight DL134, which was a schedule international flight from Detroit, Michigan, to Amsterdam on or about August 19, 2024 and August 20, 2024.

**ANSWER:** Admitted that, on August 19, 2024, Plaintiff was a passenger onboard Delta flight DL134 from DTW to AMS. Delta lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis denies them.

3.  Defendant, Delta Air Lines, Inc., is a Delaware corporation with its principal place of business in Atlanta, Georgia.

**ANSWER:** Admitted.

2

4. Delta is present and does substantial business in Detroit, Michigan at Detroit International Airport [sic], including on the subject flight Delta Flight DL134.

**ANSWER:** Admitted.

5. Detroit, Michigan is listed on Delta's website and in its most recent Annual Report as one of its key coastal hubs and markets.

**ANSWER:** Denied as stated; however, admitted that DTW is one of Delta's hub airports.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as well as federal question jurisdiction under 28 U.S.C. § 1331.

**ANSWER:** Admitted.

7. Diversity jurisdiction exists because Plaintiff is a citizen of Michigan, Delta is a citizen of Delaware and Georgia, and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** Admitted.

8. Federal question jurisdiction exists under 28 U.S.C. § 1331 because this action arises under an international treaty, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999, referred to as the "Montreal Convention."

**ANSWER:** Admitted.

9. Since Detroit was the departure of the international carriage of Plaintiff, venue is proper here pursuant to Article 33(1) of the Montreal Convention. In addition, Plaintiff has her principal and permanent residence in Plymouth, Michigan, and Defendant Delta operates services for the carriage of passengers by air from Detroit Metropolitan Airport in Romulus, Michigan, including on the subject flight DL134. Therefore, Detroit, MI is a proper venue in which to bring Plaintiff's personal injury action under Article 33(2) of the Montreal Convention.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residence and on that basis denies them; however, admitted that this Court is a proper venue.

10. Venue is proper in this District under 28 U.S.C. § 1391.

**ANSWER:** Admitted.

### III. Factual Background

11. Defendant Delta is a common carrier engaged in the business of transporting passengers for hire by air and, in furtherance thereof, operates regularly scheduled international flights, including daily passenger flights to and from Detroit, Michigan and Amsterdam.

**ANSWER:** Admitted.

12. As a common carrier, Delta owes the highest duty of care for the safety of its passengers.

**ANSWER:** Delta neither admit nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Thus, no answer is required. To the extent that an answer is required, however, Delta states that, to the extent any duty was owed, none was breached. Therefore, denied.

13. As a common carrier, Delta is also required to properly train its employees, including pilots and flight attendants, on how to properly respond to in-flight medical emergencies.

**ANSWER:** Delta neither admit nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Thus, no answer is required. To the extent that an answer is required, however, Delta states that, to the extent any duty was owed, none was breached. Therefore, denied.

14. Plaintiff KIMBERLY HICKEY was a passenger on Delta Flight DL134. At the time of this incident, she was a passenger in her assigned seat.

**ANSWER:** Admitted that Plaintiff claims to have been injured while seated as a passenger onboard Delta flight DL134

15. While Plaintiff was seated, a Delta flight attendant served Plaintiff a cup of water that was excessively hot. The flight attendant placed the hot cup of water on the aircraft's slanted tray table and the hot water spilled onto Plaintiff's lap, including her lower abdomen and thighs.

**ANSWER:** Denied as stated. Admitted that a Delta flight attendant served Plaintiff with a cup of hot water for the hot coffee Plaintiff ordered. Denied that the water was "excessively hot," and denied that the tray table was "slanted." Admitted that Plaintiff spilled the hot water on herself, including her lower abdomen and thighs.

16. As a result of the excessively hot water spilling onto her body, Plaintiff suffered extreme pain and suffering, agony, burn injuries, and permanent scarring.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

17. Plaintiff promptly notified Delta's flight attendants of her burn injuries and requested medical assistance.

**ANSWER:** Denied.

18. Delta's flight attendants were dismissive and displayed a lack of concern for Plaintiff, providing her inadequate treatment for her burn.

**ANSWER:** Denied.

19. After repeated pleas from Plaintiff requesting medical assistance on the flight, the Delta flight attendants were extremely slow to respond.

**ANSWER:** Denied.

20. As the pain continued and intensified, Plaintiff continued to ask the flight attendants for medical assistance.

**ANSWER:** Denied.

21. At no time during the flight did Delta's flight attendants or pilots Provide reasonable medical assistance.

**ANSWER:** Denied.

22. At no time during the flight did Delta's flight attendants or pilots contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's severe burn injuries in-flight.

**ANSWER:** Denied.

23. Delta's flight attendants failed to provide Plaintiff with real-time medical care by engaging a remote medical provider to properly address her in-flight medical emergency. Instead, Plaintiff had to purchase dressing supplies from Tanzania, her final destination, hours later.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations that, "Plaintiff had to purchase dressing supplies from Tanzania," and on that basis denies them. The remaining allegations are denied.

24. After Delta flight DL134 landed in Amsterdam, she was told in the vestibule that "this happens all the time".

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

25. Delta continued to be neglectful.

**ANSWER:** Denied.

26. When Plaintiff finally arrived back in Michigan on or about August 31, 2024, she presented to Henry Ford Urgent Care. Shocked by her injuries, Plaintiff was immediately referred to the University of Michigan Hospital burn Center. Plaintiff's burns, which were blistering, were diagnosed as second and third degree.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

27. Due the negligent acts and omissions of Delta's flight attendants and pilots in serving Plaintiff water that was excessively hot, placing the excessively hot water on an uneven tray table, and failing to properly respond to Plaintiff's in-flight medical emergency and repeated pleas for medical aid, Plaintiff sustained severe burns to her abdomen, thighs and hips. Additionally, the negligence of Delta's employees left Plaintiff with permanent scarring.

**ANSWER:** Denied.

28. As a result of Plaintiff's burn injuries, Plaintiff was unable to shower or wear her regular clothing for months because of pain.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

29. Plaintiff's burn injuries impacted her mobility and her daily life activities, such as working, bathing, driving her car, sitting, or sleeping.

8

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

30. Plaintiff's daily routine of cleaning her burn wounds, changing bandages, and applying ointment was time-consuming and painful.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

31. Plaintiff was prescribed pain medication, to manage the intense pain, which left Plaintiff feeling groggy and unable to function normally.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

32. As a result of the injuries and the extensive impact on her daily life, Plaintiff experienced and continues to experience depression and anxiety.

**ANSWER:** Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

### IV. CAUSES OF ACTION

### Count I

### (Montreal Convention)

### Plaintiff Kimberly Hickey v. Delta Air Lines, Inc.

33. Plaintiff incorporates her allegations 1 through 32 above as though fully set forth herein.

**ANSWER:** Delta incorporates its answers to allegations 1 through 32 above as though fully set forth herein.

34. As a common carrier, Delta owes a legal duty to provide its passengers, including the Plaintiff, with a safe flight and not to serve water to passengers which is excessively hot as it is reasonably foreseeable that doing so could result in severe burn injuries and thereby cause pain and suffering.

**ANSWER:** Delta neither admit nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Thus, no answer is required. To the extent that an answer is required, however, Delta states that, to the extent any duty was owed, none was breached. Therefore, denied.

35. As a common carrier, Delta is also required to properly train its employees, including its pilots and flight attendants, about how to properly respond to in-flight medical emergencies, including how to treat burn injuries and obtain in-flight medical assistance by medical professionals either in-person or remotely.

**ANSWER:** Delta neither admit nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Thus, no answer is required. To the extent that an answer is required, however, Delta states that, to the extent any duty was owed, none was breached. Therefore, denied.

36. During Delta Flight DL134 from Detroit to Amsterdam, Delta's flight attendant served excessively hot water to Plaintiff and proximately caused the

10

excessively hot water to spill on Plaintiff's abdomen and thighs through one or more of the following acts or omissions:

    a.      Placing a cup of excessively hot water in a negligent manner on the tray table causing it to spill;

    b.      Placing a cup of excessively hot water on a tray table that was not stable, level, properly maintained, or was otherwise defective; and,

    c.      Serving excessively hot water at a dangerous temperature above industry standards.

**ANSWER:** Denied, including all subparts, a. – c.

    37.      Delta and its employees, including its flight attendants and pilots, also failed to:

    a.      Promptly and properly provide in-flight medical assistance to Plaintiff;

    b.      Make an announcement requesting the assistance of a doctor or other medical professional onboard to render aid to Plaintiff;

    c.      Contact a remote medical provider, such as MedAire, to seek a doctor's guidance on how to treat Plaintiff's burn injuries.

    d.      Properly train Delta's flight attendants and pilots regarding responding to in-flight medical emergencies and rendering aid to passengers who suffer burn injuries;

  e.  Otherwise take appropriate action to protect the Plaintiff from bodily harm.

**ANSWER:** Denied, including all subparts, a. – e.

  38. As a result of the foregoing acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, Plaintiff suffered personal injuries, including second and third degree burn injuries to her abdomen, hips, thighs, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, lost income, medical expenses, and other injuries and damages to be proven at trial.

**ANSWER:** Denied.

  39. The above acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, which proximately caused Plaintiff's injuries were unexpected and unusual events or happenings external to the Plaintiff and therefore each and every act or omission constitutes an Accident under Article 17 of the Montreal Convention.

**ANSWER:** Denied.

  40. Under Articles 17 and 21 of the Montreal Convention, Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those

**ANSWER:** Denied.

## Count II

## (Negligence)

## Plaintiff Kimberly Hickey v. Delta Air Lines, Inc.

41. Plaintiff incorporates her allegations 1 through 40 above as though fully set forth herein.

**ANSWER:** Delta incorporates its answers to allegations 1 through 40 above as though fully set forth herein.

42. As a common carrier, Delta owes a legal duty to provide its passengers, including the Plaintiff, with a safe flight and not to serve water to passengers which is excessively hot as it is reasonably foreseeable that doing so could result in severe burn injuries to its passengers.

**ANSWER:** Delta neither admit nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Thus, no answer is required. To the extent that an answer is required, however, Delta states that, to the extent any duty was owed, none was breached. Therefore, denied.

43. As a common carrier, Delta is also required to properly train its employees, including its pilots and flight attendants, about how to properly respond to in-flight medical assistance by medical professionals either in-person or remotely.

**ANSWER:** Delta neither admit nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Thus, no answer is

required. To the extent that an answer is required, however, Delta states that, to the extent any duty was owed, none was breached. Therefore, denied.

44. During Delta Flight DL134 from Detroit, Michigan to Amsterdam, Delta's flight attendant served excessively hot water to Plaintiff and Delta's flight attendant proximately caused the excessively hot water to spill on Plaintiff's abdomen and thighs through one or more of the following negligent acts or omissions:

   a. Placing a cup of excessively hot water in a negligent manner on the tray table causing it to spill;

   b. Placing a cup of excessively hot water on a tray table that was not stable, level, properly maintained, or was otherwise defective; and,

   c. Serving excessively hot water at a dangerous temperature above industry standards.

**ANSWER:** Denied, including all subparts, a. – c.

45. Delta and its employees, including its flight attendants and pilots, also failed to:

   a. Promptly and properly provide in-flight medical assistance to Plaintiff;

   b. Make an announcement requesting the assistance of a doctor or other medical profession onboard to render aid to Plaintiff;

14

    c.    Contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's burn injuries.

    d.    Properly train Delta's flight attendants and pilots regarding responding to in-flight medical emergencies and rendering aid to passengers who suffer burn injuries;

    e.    Otherwise take appropriate action to protect the Plaintiff from bodily harm.

**ANSWER:** Denied, including all subparts, a. – e.

46. As a result of the foregoing acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, Plaintiff suffered personal injuries, including second and third degree burn injuries to her abdomen and thighs, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, lost income, medical expenses, and other injuries and damages to be proven at trial.

**ANSWER:** Denied.

47. The above negligent acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, proximately caused Plaintiff's injuries.

**ANSWER:** Denied.

48. Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), by and through its counsel, Taft Stettinius & Hollister LLP, states the following for its affirmative defenses and/or avoidances to Plaintiff's Complaint:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Delta cannot be held vicariously liable for the alleged negligence, acts, and/or omissions of any independent contractor or separate entity.

3. Plaintiff's alleged damages, if any, and Plaintiff's alleged injuries, if any, were not caused by Delta or any servant or agent for whom Delta is responsible.

4. Plaintiff's claims are barred in whole or at least in part to the extent of Plaintiff's own negligence.

5. Plaintiff's claims are barred in whole or at least in part by the fault or negligence of third parties and/or non-parties.

6. Plaintiff's claims are barred in whole or at least in part by superseding and/or intervening events.

7. Plaintiff's alleged damages and injuries, if any, were the result of unrelated, pre-existing, and/or or subsequent conditions unrelated to Delta's alleged acts or omissions.

8. There is no causal relationship between the injuries allegedly suffered by the Plaintiff's decedent and Delta's alleged acts and omissions.

9. Delta asserts that Plaintiff failed to mitigate damages, if any. Accordingly, Plaintiff is barred in whole or in part from recovery.

10. Plaintiff's claims are barred in whole or in part by the Articles of the Montreal Convention.

11. Pursuant to the Montreal Convention, Delta's tariffs and conditions of carriage as set forth in the relevant contract of carriage, and/or other applicable law, Delta is not liable to Plaintiff for the injuries or damages alleged in the Complaint.

12. Delta is not liable for Plaintiff's damages because it and its servants and agents took all measures that could reasonably be required to avoid Plaintiff's alleged injuries and damages.

13. Delta is not liable for Plaintiff's alleged injuries and damages because it was impossible for it and its servants and agents to take measures required to avoid Plaintiff's alleged injuries and damages.

14. Delta is not liable for Plaintiff's damages because Plaintiff's injuries were not caused by an "accident" or to the extent they relate to anything other than a "bodily injury" within the meaning of Article 17.1 of the Montreal Convention.

15. To the extent that the claims of Plaintiff exceed the amount of 128,821 SDRs, Delta is not liable to Plaintiff pursuant to Article 21 of the Montreal

Convention because such damage was not due to the negligence or other wrongful act or omission of Delta or its servants or agents, or such damage was solely due to the negligence or other wrongful act or omission of a third party.

16. Plaintiff's alleged injuries and damages were caused or contributed to by the negligence or other wrongful act or omission of the Plaintiff; thus, Delta is wholly or partly exonerated from any liability to the Plaintiff to the extent that such negligence or wrongful act or omission caused or contributed to the alleged injuries or damages.

17. To the extent the Complaint can be read to assert state law claims against Delta, they are preempted in whole or in part by the Montreal Convention and/or federal law, including but not limited to: the Federal Aviation Regulations, 14 C.F.R. 1.1, *et seq.*; the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301, *et seq.*, now recodified and incorporated into 49 U.S.C. § 40101, *et seq.*); and/or the Airline Deregulation Act of 1978, 49 U.S.C. § 41713.

18. Affirmative defenses are those that are waived if not timely asserted in a responsive pleading. Therefore, Delta reserves the right to amend its affirmative defenses, add to them, and/or delete those that no longer apply, up through and including at trial.

WHEREFORE, Defendant Delta Air Lines, Inc., respectfully requests that this Court dismiss Plaintiff's claims with prejudice and with costs, including but not limited to reasonable attorney fees to Delta, as well as any other legal and equitable relief to which Delta may be entitled.

### RELIANCE ON JURY DEMAND

Defendant Delta Air Lines, Inc., by and through its attorneys, Taft Stettinius & Hollister LLP, hereby relies upon the Jury Demand previously made and hereby demands trial by jury in the above-entitled cause on all issues so triable.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

Dated: May 27, 2025    By:   /s/ Scott R. Torpey
Scott R. Torpey (P36179)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant*
27777 Franklin Rd., Ste. 2500
Southfield, MI  48034-8214
(248) 351-3000
storpey@taftlaw.com
toconnell@taftlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing upon all ECF Participants.

/s/ Scott R. Torpey
Scott R. Torpey (P36179)
storpey@taftlaw.com

172920005